**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Derrick Dupont, Appellant,

v.

County of Jasper, Jasper County Sheriff's Office, Ernest Walker, Defendants,

Of whom the Jasper County Sheriff's Office is the Respondent.

Appellate Case No. 2012-213115

---

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-201
Heard May 6, 2014 – Filed May 21, 2014

---

**AFFIRMED**

---

Clifford Bush, III and Fatima A. Zeidan, both of The Law Offices of Clifford Bush III, LLC, of Beaufort, for Appellant.

Marshall H. Waldron, Jr. and Otto Edworth Liipfert, III, both of Griffith Sadler & Sharp, PA, of Beaufort, for Respondent.

---

**PER CURIAM:**  In this appeal of a tort action, Derrick Dupont argues the trial court erred in (1) charging the jury on comparative negligence; (2) admitting evidence of his car accident; and (3) allowing testimony regarding his appearance at a roll call in general sessions court.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Stephens ex rel. Lillian C. v. CSX Transp., Inc.*, 400 S.C. 503, 520, 735 S.E.2d 505, 514 (Ct. App. 2012) (holding appellant was not prejudiced by the trial court's jury charge when the jury's verdict as to the first issue made it unnecessary for the jury to reach the issue with the disputed charge); *Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005) (holding the admission of evidence is within the trial court's discretion and its decision will not be reversed absent an abuse of discretion); *State v. Culbreath*, 377 S.C. 326, 333, 659 S.E.2d 268, 272 (Ct. App. 2008) (holding a defendant may open the door to what would be otherwise improper evidence through his own introduction of evidence or witness examination).

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**